June 1822.

Hayes
vs
Lusby

The cause was argued before BUCHANAN, EARLE, DORSEY, and STEPHEN, J. by

*Bullitt* and *Kerr*, for the appellant, and by

*J. Bayly* and *Carmichael*, for the appellees.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

COURT OF APPEALS, (E. S.) JUNE TERM, 1823.

## HAYES vs. LUSBY.

APPEAL from *Cecil* county court. The cause was argued before BUCHANAN, MARTIN, DORSEY, and STEPHEN, J. by

*Chambers* for the appellant, and by

*Carmichael* and *Gale*, for the appellee *(a)*.

The case is sufficiently stated in the opinion of the court, which was delivered by

DORSEY, J. The plaintiff had sued forth from *Cecil* county court a writ of *replevin* against *Thomas Ethering-ton,* directed to the defendant, (now appellee,) as sheriff of *Cecil* county, on which he made return that he had replevied and delivered the goods and chattels mentioned in the writ. The present suit was instituted to recover damages for an alleged false return by the defendant; the plaintiff complaining that the goods and chattels were not delivered to him, as stated by the defendant in his return; and on the trial of the issue three bills of exceptions were taken by the plaintiff. In the first exception the counsel for the defendant "prayed the court to direct the jury, that if they shall believe from the evidence, that after having replevied and appraised the property mentioned in the schedule returned with the writ, *Lusby,* the defendant, told *Hayes,*

*In the execution of a writ of replevin, the sheriff must deliver to the plaintiff all the goods replevied, and a symbolical delivery is not sufficient, unless with the consent of the plaintiff; and whether or not the plaintiff did so consent is a question of fact for the jury.*

*If a sheriff makes a return of process in a particular manner, with the consent and approbation of the plaintiff, whether the return be true or false, the plaintiff cannot sustain an action for a false return against the sheriff.*

*A return made by a sheriff to a writ of replevin, that the goods were replevied and delivered, is prima facie evidence that the goods were replevied and delivered according to the return; and a letter from the sheriff to the plaintiff saying he would be security for the future delivery of the goods, cannot be considered as having the double capacity of disproving the prima facie evidence arising from the*

*(a)* They cited *Gilb. on Distresses,* 281. 1 *Phill. Evid.* 123, 313. 1 *East,* 244. 11 *East,* 298.

sheriff's return, and establishing a *prima facie* case, that the goods were not then delivered.

the plaintiff, that he had done, and tendered him a chair as part, and that *Hayes* knew the articles replevied, but did not at the time demand a delivery of the other articles, it amounts to a delivery of the whole, and that this action cannot be supported, notwithstanding the agreement of *Lusby* that he would be security for *Etherington's* future delivery of the property." The court instructed the jury as prayed by the defendant; to which the plaintiff excepted.

This court are of opinion, that the court below ought not to have given such a direction to the jury. The writ enjoins the sheriff to replevy and deliver the goods; and in the execution of this process he may call to his aid the power of the county, if necessary; but if a symbolical delivery of the goods should be considered as an execution of the process, the writ would fail in many instances to be an effective remedy, as the plaintiff could not gain the actual possession of the goods where the defendant, or any other person, chose to resist him. And the circumstance that the plaintiff, in the replevin, could identify the goods replevied, can make no difference in the case. That the plaintiff may consent to consider a symbolical delivery, as an effective execution of the process, cannot be questioned; but whether the plaintiff did so assent, was a fact to be tried by the jury; and the circumstance that the plaintiff did not, at the time of replevying, demand a delivery of all the goods, may, in connexion with other evidence, in the view of a jury, amount to proof of such assent; but the court below must have considered the omission of the plaintiff to demand the delivery of the other chattels, (if they attached any weight to this proof,) as amounting to a dispensation of the actual delivery. This was a question of fact to be tried by the jury, and by them alone; and as the inquiry was not submitted to them, we are of opinion that the court erred in giving the direction which is the subject of this exception.

In the second exception, the counsel for the plaintiff prayed the court to direct the jury, that unless they believe the property mentioned in the declaration was delivered by the defendant to the plaintiff, or that the plaintiff agreed to take upon himself the responsibility of its remaining in *Etherington's* hands, (who was the defendant in the replevin,) they must find for the plaintiff. The court

below refused to give the instruction as prayed, but proceeded to give other instructions to the jury; and as the plaintiff excepted only to the refusal of the court to grant his prayer, we cannot inquire into the legal soundness of the instructions which the court did give. And we are of opinion, that the court acted correctly in not granting the prayer of the plaintiff. It must be borne in mind, that the issue before the jury was this, did the defendant make a false return to the writ, contrary to the duty of his office? If he made the return with the consent and approbation of the plaintiff, be that true or false, the plaintiff cannot sustain an action to be repaired in damages, on the ground that the return was false. He is estopped from setting up the fact, *volenti non fit injuria*. Now, if there was any testimony before the jury from which they might infer the fact, that the plaintiff did consent that the sheriff should make the return which he did make, the court below were right in refusing the prayer of the plaintiff, which was based solely and exclusively on the ground that the jury *must* find a verdict for the plaintiff, unless they believed that the defendant *did* deliver the property mentioned in the declaration, or that the plaintiff agreed to take upon himself the responsibility of its remaining in *Etherington's* hands. And the court think, that the question, whether the plaintiff did assent to this return, was fairly open before the jury on the testimony in the bills of exceptions; the court, therefore, on this exception, affirm the judgment of the court below.

We also think that there is no error in the third exception. The court, on the prayer of the defendant, instructed the jury, that the return of the sheriff was *prima facie* evidence that the goods were replevied and delivered, according to the return to the writ. The plaintiff then prayed the opinion of the court, and their instruction to the jury, that the letter written by the defendant to the plaintiff on the 22d of September 1818, and which had been before given in evidence, was *prima facie* evidence that the goods had not, at the date of the letter, been delivered; which opinion the court refused to give. This letter, in connection with other circumstances detailed in evidence, might, -or might not, induce the jury to believe that the goods had not been delivered at the time of writing the letter, but standing alone, it cannot be considered as having the dou-

JUNE 1823. ble capacity of disproving the *prima facie* evidence arising
from the sheriff's return, and establishing a *prima facie* case,
that the goods were not then delivered.

*Seegar*
*vs*
*The State*

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.