WILLIAM COLE *vs.* REBECCA V. HYNES and EMILY
J. HYNES.

*Presumptions on Appeal—Jurisdiction of Justices of Peace
where title to land is involved—How the question is to be
presented—Bills of Exception—Action to recover purchase
money for land.*

On appeal from a judgment rendered by a justice of the peace, a motion was
made in the Court below for a reversal of the judgment, upon the ground
that it appeared on the face of the cause of action on which the judgment
was rendered, that the justice of the peace had no jurisdiction of said cause
of action, inasmuch as the title to land was involved in said case. The
Court below overruled the motion and affirmed the judgment of the justice
of the peace. On appeal, it was HELD:

That as the cause of action did not appear in the record, this Court in its
absence must presume, that the motion to reverse the judgment of the
justice of the peace, was properly overruled by the Court below.

In this State bills of exception are not allowed in the trial of cases upon appeals
from judgments rendered by justices of the peace. If a party to such a
suit desires to raise the question of jurisdiction, he must do so before the
justice, by filing the allegation verified by affidavit prescribed by the 33rd
section of Art. 51 of the Code, or by plea or other proper proceeding when
the case is in the Circuit Court upon appeal.

This Court is not at liberty to examine the bill of exceptions in the case for
the purpose of discovering whether title to land was or was not involved
in the case.

No appeal lies to this Court from the judgment of a Circuit Court affirming a
judgment of the justice of the peace, unless it affirmatively appears from the
record that the justice rendering the judgment, and the Court affirming it
upon appeal were without jurisdiction in the case.

Where the cause of action before the justice of the peace, is a balance of the
purchase money for land,—in order to oust the justice of jurisdiction of the
case, it must appear affirmatively on the face of the proceedings that the
defendant has not accepted a deed of the property, but that the contract is
still executory.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*Joseph C. Boyd* and *Bernard Carter*, for the appellant.

By the 14th section of Article 51, Maryland Code, it is declared : " But no justice of the peace shall have jurisdiction in actions where the *title to land* is involved."

The very nature of the cause of action in this case, shows that the title to land is "involved."

The action is for the purchase money of land sold by the appellees to the appellant.

To sustain this action the plaintiff must show affirmatively that she has a good title to the land, and must show a tender of the deed. *Owings vs. Baldwin*, 8 *Gill*, 350, 355 ; *Lawrence vs. Dale*, 11 *Vermont*, 549 ; *Judson vs. Wass*, 11 *Johnson*, 525 ; *Wilde vs. Fort*, 4 *Taunton*, 334 ; *Luckett vs. Williamson*, 31 *Missouri*, 54 ; *Washington & Turner vs. Ogden*, 1 *Black Sup. Ct.*, 450 ; 2 *Taylor on on Ev.*, sec. 1070.

In the case of *Dietrich vs. Swartz*, 41 *Md.*, 201—this Court has said in construing the 14th section of Article 51 of the Code, " that its effect is to deny jurisdiction to justices of the peace in actions of ejectment, trespass, *q. c. f.* and the like, where title to land *is or may be* necessarily and directly in issue." And in the case of *Randle vs. Sutton*, 43 *Md.*, 64, cited by appellee, the Court says : " It must appear to the Court from the *nature of the action itself*, that it is a case in which the title to land is necessarily and directly in issue between the parties."

As we have above shown in, an action of assumpsit for the purchase money of land, the title of the vendor is " directly and necessarily in issue." In what action, therefore is the title to land more directly involved?

*Wm. S. Keech,* for the appellees.

There is really but one point involved in the case, and that is : Had the justice of the peace jurisdiction to try and decide the case originally? If so, this appeal must be dismissed, as it is well settled that there is no appeal to this Court from the decision and judgment of a Circuit Court, in case of an appeal to the Circuit Court from the decision of a justice of the peace, if the justice had jurisdiction to try the case originally. *Randle vs. Sutton,* 43 *Md.,* 64.

The title to land was not involved in this suit, within the meaning of the 14th section of the 51st Article of the Code, as interpreted by this Court in the case of *Dietrich vs. Swartz,* 41 *Md.,* 196, and in the case of *Randle vs. Sutton* above referred to.

GRASON, J., delivered the opinion of the Court.

This action was instituted before a justice of the peace in Baltimore County, and judgment was rendered in favor of the plaintiffs, and an appeal therefrom was taken to the Circuit Court of said county. A motion was then made by the defendant, for the reversal of the judgment upon the ground, as was alleged in the motion, that it appeared " on the face of the cause of action on which the judgment was rendered, that the justice of the peace rendering the the same, had no jurisdiction of said cause of action, inasmuch as the title to land is involved in said case." The motion was overruled, and the trial proceeded, and after receiving the evidence set out in the bill of exceptions, the Judge of the Circuit Court affirmed the judgment from which the appeal was taken, and this appeal from the judgment of affirmance was brought to this Court.

Section 14 of Article 51 of the Code provides, that "no justice of the peace shall have jurisdiction in actions where the title to land is involved." This action, it is alleged,

Cole *vs.* Hynes, *et al.*

was brought to recover a balance of purchase money, due on a sale of land by the plaintiffs to the defendant; and that this appeared on the face of the cause of action filed in the case. The account or cause of action which was the foundation of the suit, is not contained in the record, and we are therefore without the proper means of knowing whether it shows upon its face, that the title to land was or was not involved in the suit, and, in its absence, we must presume that the motion to reverse the judgment of the justice of the peace was rightly overruled.

In this State, bills of exception are not allowed in the trials of cases upon appeals, from judgments rendered by justices of the peace. If a party to such a suit, desires to raise the question of jurisdiction, he must do so before the justice, by filing the allegation verified by affidavit, presented by the 33rd section of Article 51 of the Code, or by plea or other proper proceeding, when the case is in the Circuit Court upon appeal. Bills of exception not being allowed in such cases, we are not at liberty to examine the bill of exceptions in this case, for the purpose of discovering whether title to land was or was not involved in this case. No appeal lies to this Court from a judgment of a Circuit Court, affirming a judgment of the justice of the peace, unless it affirmatively appears from the record, that the justice rendering the judgment, and the Court affirming it upon appeal, were without jurisdiction of the case. *Mears vs. Remare*, 33 *Md.*, 246; *Herzberg vs. Adams*, 39 *Md.*, 309. It not so appearing in this case, this appeal must be dismissed.

*Appeal dismissed.*

(Decided 2nd March, 1877.)


ALVEY, J., dissented.

Cole *vs.* Hynes, *et al.*

BY THE COURT.

Since the opinion of the Court was filed in this case, our attention has been called to the fact that, though the account on which the suit was brought had been omitted from the record, a certified copy of it with an agreement of counsel that it should be used as if contained in the record, was filed with the clerk. These papers were filed with the clerk, but were not handed to the Court with the record, and our attention was not called to them. But the decision of the Court would not have been changed even if the account had been contained in the record, although it shows that the claim was for a balance of purchase money of land sold to defendant.

Where suit is brought to recover the purchase money of land, and the contract of sale has not been performed by the execution and delivery of a deed, the plaintiff must allege and prove that he has good title to the land. 2 *Taylor's Ev.*, sec. 1070 ; *Ragan vs. Gaither*, 11 *G. & J.*, 488 ; *Washington & Turner vs. Ogden*, 1 *Black's S. C. Reps.*, 458. But if the defendant has accepted a deed of the property, the law is otherwise, and to oust the justice of jurisdiction of the case, it must affirmatively appear on the face of the proceedings, that the defendant has not accepted a deed of the property, but that the contract is still executory. It does not so appear in this case, and therefore we see no cause for changing the decision of this Court, as reached in the opinion heretofore filed in the case. The matters contained in the bill of exceptions, as we have before said, are not properly before us.