(Decided February 22nd, 1878.)

## WALTER A. ORME *vs.* SAMUEL T. WILLIAMS.

### JURISDICTION.

*Jurisdiction of Justices of the Peace—Amount involved not to exceed one hundred dollars—Appeals from Justices of the Peace.*

The jurisdiction of Justices of the Peace depends upon the amount proved to be due, and not the amount appearing upon the face of the evidence of debt offered in proof of the debt.

The judgments of the City Court of Baltimore City, in cases of appeal from Justices of the Peace, are final, and no appeal therefrom lies to the Court of Appeals.

APPEAL from the Baltimore City Court.

On the 9th day of April, 1875, a certain Elijah Lewis executed his promissory note for $150, with interest from date, at six months, made payable to the appellant. After several endorsements, the note came into the hands of the appellee, who had a settlement with the maker of the

note, the said Lewis, and after a deduction for labor done and money paid on account by the maker, the sum of ninety-six dollars and nineteen cents was claimed by the appellee, as still due and owing to him on the said note. On the failure of Lewis to pay the said balance, the note was protested and notice of the protest sent to the several endorsers.

Subsequently the appellee brought suit on the said note against the appellant, the first endorser, before a justice of the peace of Baltimore City, to recover from him the said balance of ninety-six dollars and nineteen cents so claimed to be due on the said note.

The sum so claimed was exclusive of interest, by the addition of which to the principal amount, the whole sum would have exceeded an hundred dollars.

The appellant contended that the interest could not be waived by the appellee so as to bring the claim within the jurisdiction of the justice of the peace.

The justice, however, rendered a verdict for the appellee for the sum claimed, $96.19 and costs. An appeal was then taken to the Baltimore City Court, where the judgment below was affirmed.

The counsel for the appellant thereupon filed a motion to strike out the said judgment for the following reasons :

1st. Because the note sued on in this case is an *interest-bearing note,* and from the proof in the cause, the sum claimed, should interest be added and claimed, exceeds the sum of one hundred dollars, and the Court had no jurisdiction whatever to enter the judgment in this case, affirming the magistrate's judgment for plaintiff, as the justice of the peace had no authority in law to render said judgment—the cause of action being in excess of his jurisdiction—and therefore the Court erred in affirming said judgment.

2nd. Because the Court had no jurisdiction in this case, and therefore the appellant prays the Court to reverse its

said judgment of affirmance, and strike out said judgment, and to arrest the said judgment, as without jurisdiction to enter the same.

But the Court overruled the motion. From this order of the Court below, overruling the motion to strike out the judgment of affirmance, the present appeal was taken.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and STEWART, J.

*W. E. Gleeson*, for appellant.

*James A. Buchanan*, for appellee.

STEWART, J., delivered the opinion of the Court.

The jurisdiction of the justice of the peace in this case depends upon the sum proved to be due, and not upon the amount appearing on the face of the note.

So far as the record discloses, the justice of the peace and the Baltimore City Court decided upon the proof, that the balance due after the deduction of credits was $96.19 ; which was within the jurisdiction of the justice of the peace, and the judgment of Baltimore City Court being final, no appeal lies to this Court.

But the question of jurisdiction argued at the bar is not presented by the record.

Bills of exceptions are not allowed in such cases, and cannot be considered by this Court. *Cole vs. Hynes*, 46 *Md.*, 181.

*Appeal dismissed.*

(Decided February 28th, 1878.)