## ALCINDA M. CHAPPELL *vs.* THE REAL ESTATE POOLING COMPANY OF BALTIMORE CITY.

*Practice—Service of Pleas—Absence from State of Defendant's Attorney—Waiver of Pleas—Appeal.*

Where a defendant's attorney leaves the State it is proper for the Court to direct the orders, &c., setting the case for trial to be served on the defendant personally.

A day may be fixed for the trial of a case without personal service of notice thereof on the defendant's attorney.

The question whether pleadings in a case have been served on the op-

posite party in accordance with the rules of the trial Court can only be brought before the Court of Appeals by bill of exceptions, unless the facts appear in the record.

Where a defendant files several pleas and goes to trial after joinder of issue upon one of them, without requiring replications to the other pleas, he will be held, after verdict, to have waived the latter pleas.

Appeal from a judgment of the Superior Court of Baltimore City (RITCHIE, J.)

The cause was submitted to the Court on briefs by :

*Thomas C. Chappell*, for the appellant.

*David Stewart*, for the appellee.

BOYD, J., delivered the opinion of the Court.

The appellee instituted in the Baltimore City Court an action of ejectment against the appellant for undivided half interest in a lot of ground in that city. No one acquainted with the practice in this State in such actions would imagine, from reading the declaration, that it would be possible to have so many pleas, motions and other papers filed in defence of a suit of that character as can be found in this record. As might be expected, many of them are wholly irrelevant and have no application to the issues that are proper in ejectment proceedings and could only result in increasing the costs to be paid by the appellant, for if she had been successful on this appeal she would have been required to pay the costs incurred by the filing of the papers that ought not to have been in the case. Whilst we have been compelled to examine them, we do not propose to discuss all the motions that have been filed, as we are only called upon to pass on such as are properly before us and have some relevancy to the questions raised by the appeal.

A demurrer to the original declaration was filed and having been sustained the declaration was amended. That was demurred to and the demurrer was overruled. No valid objection to it has been pointed out and, as we can

discover none, we think the Court clearly right in that ruling. The defendant then filed six pleas to the amended declaration and shortly afterwards a seventh. Issues were joined on those and also on what is called a plea to the jurisdiction (although really a plea in bar), which was filed to the original, but not to the amended declaration, but the plaintiff replied to it. The case was then removed to the Superior Court of Baltimore City and eight more pleas were filed and the plaintiff filed a joinder of issue upon them. Then two more were filed, on which the plaintiff joined issue. A number of motions had, in the meantime, been filed, but they were overruled and finally a jury was sworn and a verdict rendered for the plaintiff. The defendant then filed a motion to strike out the verdict and a motion in arrest of judgment, which we will consider together, as they are based for the most part on the same grounds.

One of the reasons assigned is that the defendant had no notice of the motion of the plaintiff to set the case for trial and no opportunity to be heard on that motion and no notice of it was served on the defendant, as required by the rules of the Court. The record shows that the order of Court fixing a day for trial was served on the defendant, by the sheriff, and several of the papers filed in the case by Thomas C. Chappell, her attorney, show enough to make the conclusion irresistible that he was then keeping out of the State of Maryland to evade the service of process issued by one of its Courts. Under such circumstances, it was only the indulgence of the Court that permitted him to be recognized as attorney in the case, and there was no obligation on the part of the plaintiff to follow him in order to serve notices, orders, or motions on him. In at least one of the papers filed by Mr. Chappell, he claims to be a nonresident of this State. If that be true he has no longer any unqualified right to practice law in this State, but could be treated as any other non-resident attorney. 3 *Ency. of Law* (2nd ed.) 284 ; 2 *Poe*, sec. 13. Our Courts have always been liberal in admitting attorneys from other States who

come here to try cases in which they are employed, and although the Legislature of 1898 materially amended the law affecting admissions to the bar, so as to endeavor to avoid some of the evils that followed the method of admitting attorneys heretofore practiced in this State, the authority to admit non-resident attorneys for the purpose of appearing in particular cases has not been interfered with. But if a non-resident attorney appears alone, and there is any difficulty in serving pleadings, etc., in accordance with our practice he should be required to make some arrangement, either with a resident attorney or in some way, by which they could be served on him without causing any unnecessary delay or trouble. If that be not done and his client be out of the State, it might interfere with the proper and ordinary procedure in the case. If an attorney who is still a resident of the State remains out of it indefinitely to avoid the process of the Court, he cannot occupy any better position than a non-resident attorney would. So, whether he was resident or a non-resident, if his absence in any way obstructed the progress of the case, the Court would have been perfectly justified in requiring the defendant to be represented by a resident attorney who was within the jurisdiction of the Court, and upon her refusal to do so to strike out the appearance of Mr. Chappell and treat her as without counsel, or it could do, as was done in this case, have the orders, etc., served on the defendant if she could be found. But no notice was necessary in order to have the order passed fixing a day for trial. When the time was fixed at the instance of the plaintiff, if the defendant had sufficient ground for its postponement the Court would, doubtless, on a proper application, have granted further time. But, instead of making such an application, he filed a motion to vacate the order of the Court for reasons that had no merit in them, and the Court very properly overruled his motion.

The next reason assigned in the motion to strike out the verdict is that there had been no service of the papers and

pleadings on the defendant in accordance with the rules of the Court and established law, etc. It is sufficient to say, without discussing the effect of such an omission, that there is no evidence in the record of it. Such questions should be brought before this Court by a bill of exceptions, unless the facts relied on are in the record. This case presents a good illustration of the importance of such practice, as we find that the attorney for the appellant in quoting a rule of Court has left out a very material part of it, if it is correctly stated in *2nd Poe*, page 723, as he omitted to show that it provides for service on an attorney by leaving the paper at his office, as well as on him personally.

Both motions also rely on the fact that the defendant had filed a petition for removal of the case to the Circuit Court of the United States for the District of Maryland, under Section 641 of the Revised Statutes. That is the section which provides for the removal of suits and prosecutions against persons denied civil rights, and what application it has to this case we confess our utter inability to see. The petition first alleges that defendant is denied or cannot enforce in the judicial tribunals of this State rights secured to her by the laws of the United States, providing for the equal civil rights of all citizens of the United States. It then alleges " that her attorney, Thomas C. Chappell, who is also an important witness for the defendant herein, is unlawfully and fraudulently detained and is wilfully prevented from attending this Court herein, to testify herein, and to try this case by threatened service on him of certain writs, processes, orders of Court and other proceedings," and then makes the broad suggestion : " That under the Act of 1896, chapter 31, of the laws of the General Assembly of Maryland, the Sheriff of Baltimore City and David Stewart, the attorney for the plaintiff herein, and that all other persons and the plaintiff herein ought to be punished for contempt of Court for threatening to make the said service." The next paragraph has about the same relevancy to the right of removal as what we have quoted above. There can be

no doubt that the action of the Court on this motion is correct and we feel that it would be giving it undue importance to discuss it further.

Another reason assigned in the motion for arrest of judgment is that the judgment is *coram non judice* and repugnant to the Constitution of the United States. In what respect it is void or unconstitutional we do not understand. The greatest irregularity that we notice from the record is the joinder of issue instead of replying or demurring to the additional pleas filed. Most of them would have been held bad if they had been demurred to, and all of them presented questions that were either wholly irrelevant or immaterial in this case, or that could have been offered under the pleadings on which issues were properly joined. Mr. Poe, in his admirable work on *Pleading*, in section 670, says : " The joinder of issue is absolutely necessary and if the case goes to trial without it there will be a mistrial. If, however, issue is joined upon one only of such pleas and the defendant goes to trial without requiring any replications to other pleas, or any issues upon them, he will be held, after verdict, to have waived the benefit of such pleas," and cites the cases of *Herbert* v. *Wich*, 45 Md. 476 ; *Mc-Cart* v. *Regester*, 65 Md. 431 ; *Tyson* v. *Richards*, 3 H. & J. 109, and *Ragan* v. *Gaither*, 11 G. & J. 472, which sustain the text. In this case we suppose neither the defendant nor her attorney was at the trial, but as the time had been set it was the duty of the attorney to be there, or to at least show some sufficient excuse for not being, and he cannot, under the circumstances, now take advantage of any want of more formal pleadings, but could be properly held to have waived the benefit of such pleas, even if they had been proper. But we have already said none of them present any question material to this case, excepting what might have been offered under the other pleas and therefore no possible harm was done the defendant by the absence of more formal pleadings.

There is then nothing in the record that would have

justified the Court in granting either the motion to set aside the verdict or that in arrest of judgment. They were duly set down for hearing on the 29th of October, 1898, and the order of Court served on the defendant. On that day the defendant filed what is called a renewal of the motion to strike out the verdict and the judgment, but there is nothing in the record to sustain the numerous allegations made in it, and it is therefore useless to discuss it. Final judgment was entered on the verdict on the 29th of October. This appeal was taken from that judgment on November the 2nd, and there is nothing properly before us that occurred after the entry of the judgment—although a number of motions were made, but they were not passed on by the Court below until December 8th. Without prolonging this opinion by referring to other papers filed, we will simply add that there was no error in any of the rulings of the Court before us for review, and we must affirm the judgment.

> *Judgment affirmed, the appellant to pay the costs above and below.*

(Decided March 16th, 1899).