## ALCINDA M. CHAPPELL *vs.* THE REAL ESTATE POOLING. COMPANY.

*Appeals—Motion to Strike out Verdict and Judgment—Motions for Writs of Protection and Prohibition—Parties to Ejectment Suit— Amendments.*

Appeals from the Superior Court of Baltimore City. (RITCHIE, J.) *Affirmed.*

The Court said : This appeal is the latest, and it is to be hoped the final, effort of a blind and hopeless struggle to escape the inevitable result of a perfectly regular judgment of a Court of competent jurisdiction, founded upon a just and proper verdict. It was the misfortune of the appellant to be represented in the Court below, and in the preparation of the brief filed in her own name in this Court, by one whose extraordinary proceedings in other appeals have been repeated here, and which make it difficult to extend to this appeal the patience and consideration which should be unfailing,

no matter how severely the forbearance of the Court may be taxed. To characterize the brief of the appellant as an argument, would be an abuse of terms. Indeed, to dignify the proceedings of her counsel, with the name of litigation, would be as great an abuse, for litigation in its proper sense cannot be conducted without some knowledge of legal principles and rules, and an intelligent and orderly procedure in compliance therewith. In the case of *Chappell* v. *Chappell*, 86 Md. 532, where the present appellant's counsel in the lower Court, was himself the appellant and conducted his own case, this Court, speaking through the Chief Justice, found it necessary to say "that if his unparalled proceedings were to receive the sanction of any Court, that Court would be exposed to the severest criticism, for those proceedings are a reproach to the administration of justice. His numerous exceptions, demurrers and motions simply trifle with the patience and toleration of the Court, and most probably no tribunal has ever been called on to unravel their like before."

Notwithstanding this severe, but absolutely just and necessary arraignment, he has persisted in the methods thus rebuked, and in *Chappell* v. *The Real Estate and Pooling Company of Baltimore City*, 89 Md. 258, forced upon the Court the examination of another mass of exceptions, motions and demurrers, wholly without foundation. The present case is but an attempt to force the Court to review the identical judgment which was affirmed in 89 Md. *supra*. That judgment was rendered October 29th, 1898, and after a patient and thorough consideration of the record, this Court found in it absolutely nothing worthy of consideration, and properly declined to consider any motions or exceptions made after entry of the judgment, though incorporated in the record.

The record in the present case shows that after the rendition of final judgment October 29th, 1898, the following proceedings were taken by appellant's counsel in her behalf.

1st. On November 3rd, 1898, there was filed what is styled a "motion for writ of protection &c." praying the

Court to strike out the verdict and the judgment thereon, and the orders overruling her previous motions, exceptions and demurrers, on the ground of surprise, mistake, irregularity and want of jurisdiction, and praying for a writ of protection for Thomas C. Chappell, a non-resident of this State, while attending the Superior Court of Baltimore City as her attorney and as a witness in the case, and for a writ of prohibition to the Sheriff. These motions were on the same day set down for hearing on November 12th, 1898, and a copy of the order was served on the appellant November 3rd, 1898.

2nd. On November 10th, 1898, exceptions were filed to the jurisdiction of the Court alleging that on November 2nd, 1898, appellant had filed an order for appeal from said judgment, with the prescribed affidavit, and with an approved appeal bond, and that in consequence thereof the Court was without jurisdiction to proceed further in the case, though she had herself invoked the action of the Court by her motion filed November 3rd, 1898.

3rd. On November 12th, 1898, further exceptions were filed, suggesting to the Court that it had no jurisdiction to proceed further, and excepting to the order setting down her motion of November 3rd for hearing November 12th, and alleging that a petition had been filed in the Court of Appeals for a writ of prohibition to the Superior Court of Baltimore City to stay further proceedings therein.

4th. On November 18th, 1898, additional exceptions were filed, stating that a demurrer to the declaration had been filed, which was sustained, with leave to amend; that amendment was made, but no copy of the amended declaration was ever served on defendant; that the docket entries showed that replications were filed to the third, fourth and sixth pleas of defendant, but no copies of said replications were served upon defendant, and that the entry of "issues joined" thereon, was made by the Clerk of the Court without any authority from defendant or her attorney, and without any authority of law whatever; and that there was no service upon defendant of the answer to the bill of dis-

covery filed in the cause under Code, Article 75, section 94; for which reasons she excepted to all the orders and proceedings of the Court, save that sustaining her demurrer to the declaration.

On December 8th, 1898, the Court passed the following order: "Defendant's motions, filed November 3rd, 1898, overruled," and on January 19th, 1899, the following order for appeal was filed: "Mr. Clerk.—Enter an appeal in this case from the orders of the Court overruling the motion to strike out final judgment, and overruling renewal of motion to strike out final judgment."

On March 15th, 1899, a renewal of exceptions was filed to the jurisdiction of the Court, and on April 1st, 1899, affidavit was filed that the appeal was not intended for delay.

In order to have fully understood the unprecedented and vexatious character of the proceedings which have been taken in this case, we shall state here the motions and exceptions filed between October 29th, 1898, and November 3rd, 1898.

1st. Motion to strike out final judgment, filed November 1st, 1898, assigning *nineteen* grounds and covering nearly *six* closely printed pages of the record of this case reported in 89 Md.

2nd. Exceptions to order overruling motion in arrest of judgment, and to strike out verdict and judgment, filed November 1st, 1898, assigning *three* grounds in support of the exception.

3rd. Renewal of motion to strike out judgment, filed November 2nd, 1898, and assigning *twenty-six* grounds and covering *twelve* pages of the printed record. These are the proceedings which the Court in the opinion rendered in 89 Md. declined to consider, because occurring after the entry of the judgment appealed from, and not being embraced in the present record, we are not required, and shall not attempt, to unravel them here.

The only order in the record which is the subject of appeal, is that of December 8th, which is expressly confined

in its operation to the motions of November 3rd. No disposition has been made by the Court below of the exceptions of November 10th, 12th and 18th, and we are therefore restricted to the consideration of the motions of November 3rd. These not only seek to strike out the verdict and the final judgment thereon, but the orders overruling the previous motions, exceptions and demurrers, and it is sufficient to say as to these last, that the affirmance of the judgment on the appeal decided in 89 Md. is conclusive. The only ruling before us is that made on the motion of November 3rd to strike out the verdict and judgment, and for a writ of protection and prohibition.

The first ground alleged in support of this motion is that the appellant had instituted a suit in equity to restrain the plaintiff and the sheriff from serving civil process upon her attorney and witness, Thomas C. Chappell, while attending the Courts of this State, and that the Circuit Court dismissed this bill. If this was erroneous, the remedy was by appeal from that decree, and no appeal appearing to have been taken, it cannot be alleged as error here.

The second and third grounds are, that application was made to the Superior Court to issue an appropriate writ to prevent threatened service of process upon her principal witness, Thomas C. Chappell, and that Court refused or failed to issue such writ. To this it may be answered, that if the Court had such power, and she was entitled as matter of right to its exertion, her remedy was by *mandamus* to compel the Court to perform its duty.

The fourth, fifth and sixth grounds allege that Thomas C. Chappell was her attorney, as well as her principal witness, and that by reason of the failure of the Court to protect him against service of process, she has not been afforded an opportunity to be heard on the law ; that she has been practically excluded from the jurisdiction of the Courts, and that the judgment obtained is *coram non judice*, and repugnant to the Fourteenth Amendment to the Constitution of the United States. These grounds were considered and disposed of in 89 Md. and we therefore dismiss them here.

The seventh ground is that the plaintiff fraudulently conspired with the Sheriff of Baltimore City to acquire by means of a writ of *fieri facias* on said judgment, title and right of possession to the property which had been recovered in ejectment, and to realize the damages awarded by the verdict therein, after an approved appeal bond had been filed in the case ; but for such a fraudulent conspiracy the remedy would be an action for damages.

The eighth ground is that Thomas C. Chappell, as her grantor, was entitled to come into the ejectment suit as a party defendant " to protect her title against the plaintiff, and to demur or plead and be heard therein," and because he was not so made a party, the judgment is *coram non judice*, and repugnant to the Constitution and laws of the United States."

To this there are two obviously sufficient answers. 1st. That the record discloses no application that Thos. C. Chappell be made a party to this suit, and 2nd, that if such application had been made and refused, no appeal would lie from such refusal in an ejectment suit. *Poe's Practice*, sec. 457.

Since the plaintiff in ejectment must recover on the strength of his own title, there can never be any legal necessity, and rarely any controlling reason, for the intervention of any one, other than the parties made defendants and named in the summons.

The ninth ground is that the appellant has not been afforded an opportunity to amend her motion to strike out the verdict and make it a motion for a new trial. But if such amendment had been made, no appeal would lie from an order granting or refusing a new trial, and the futility of this ground at once becomes apparent.

The motions and exceptions with which the Superior Court has had to deal in this case are so palpably frivolous and vexatious in character, that they might well have been stricken from the files.

As it is, we can discover no error in the action of the Court, and its rulings will therefore be affirmed.

Opinion by PEARCE, J., filed June 14th, 1900.

The cause was submitted on briefs by *Thomas C. Chappell*, for the appellant, and *David Stewart*, for the appellee.

