## WILLIAM DARRELL *vs.* EDWARD C. BISCOE.

*Replevin by Justice of the Peace—Fictitious Appraisement of the Prop-
    erty at Less Than its Value in Order to Give Jurisdiction to Magis-
    trate—Motion to Quash Writ of Replevin—Appeal From Circuit
    Court in Magistrate Case.*

Code, Art. 52, sec. 6, gives to Justices of the Peace jurisdiction in actions
    of replevin when the value of the thing in controversy does not exceed
    $100 which value shall be ascertained by appraisers summoned and
    sworn. A Justice of the Peace issued a writ of replevin for a horse
    which was returned by the constable with an appraisement in which
    the horse was valued at $90. Upon motion by the defendant to quash
    the writ he offered evidence to show that the plaintiff and the appraisers
    as well as the magistrate knew that the horse was worth more than $100
    and that the appraisement was placed at $90 solely for the purpose of
    giving to the justice jurisdiction to try the case. *Held*, that this evi-
    dence was admissible and if found to be true, the writ should be
    quashed.

An appeal lies to this Court from the Circuit Court on appeal to it from a
    Justice of the Peace, when the judgment of the Circuit Court involves
    the question of the jurisdiction of the justice.

Appeal as upon writ of error from the Circuit Court for
Kent County (MARTIN and BROWN, JJ.)

The cause was argued before McSHERRY, C. J., FOWLER,
BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Hope H. Barroll* (with whom was *Jas. P. Gorter* on the brief),
for the appellant.

No appearance for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellee, Edward C. Biscoe, sued out a writ of replevin against the appellant before Joseph E. Boyd, a Justice of the Peace for Kent County, for a horse which was in the appellant's possession. The justice before issuing the writ took from the plaintiff a replevin bond, in the penalty of two hundred and eighty dollars which recited that the horse about to be replevied was of the value of one hundred and forty dollars.

The writ, which also recited the value of the horse at $140 was issued and placed in the hands of the constable, who returned it "replevied as per schedule and the defendant summoned." The constable also returned along with the writ what purported to be a schedule and appraisement of the horse in which it was valued at ninety dollars. The appraisement was signed by J. J. Lockwood and S. E. Cole as appraisers.

The replevin case was heard before the justice who rendered a judgment which it is agreed was intended to have been a judgment for the defendant for the property replevied and costs, and the plaintiff took an appeal to the Circuit Court for Kent County.

The defendant, who is the appellant in the present record, moved the Circuit Court to quash the writ of replevin, and to dismiss the appeal from the justice for want of jurisdiction on the part of the latter to issue the writ.

In support of his motions he offered to prove by Joseph E. Boyd, the Justice of the Peace, that the plaintiff, Biscoe, when he applied for the writ stated that the horse was worth $140 that the justice stated to him that if such were the case he would not have jurisdiction to hear the case and that the only way he could hear it would be for the appraisers to place the value of the horse at less than $100 in which event he would hear the case. That Biscoe then stated to the justice, in the presence of the constable to whom the writ was to issue, that they would see that the horse was appraised at less than $100. He further offered to prove by his own testimony that the constable came to his residence about November 9th, with the two appraisers when the latter said that they wanted to look at the

horse in order to appraise him and that they would place his value at $90. That Darrell then asked the appraisers what they meant by doing such a thing when the horse had sold in September for $130 at Powell's sale and had a week or ten days ago sold for $140 cash at a constable's sale, and that they replied: "We do that because it is the only way it can be tried before a Justice of the Peace; make it less than $100." He further offered to prove by Lockwood, one of the appraisers, that he was told by the constable that the horse would have to be appraised at less than $100 in order to have the case tried before the justice and that he accordingly appraised it at $90. The Circuit Court rejected the testimony so offered and the appellant excepted to its action in that respect, and, the verdict and judgment at the trial being against him, he took the present appeal.

We think the Circuit Court erred in rejecting this testimony for if the appellant could have established the facts which he thus offered to prove the writ was improvidently issued and should have been quashed. Appeals from judgments rendered by justices to the Circuit Court are tried *de novo* in the latter tribunal and the motion to quash the writ was therefore made in the proper forum.

Sec. 6 of Art. 52 of the Code confers jurisdiction upon Justices of the Peace in "actions of replevin where the value of the thing in controversy does not exceed one hundred dollars and which value shall be ascertained by appraisers summoned and sworn by the sheriff or other officer to whom the writ of replevin is directed." Unless therefore there is an appraisement by which the value of the property is ascertained to be less than $100, the justice has no jurisdiction to try the case. The return by the constable of the certificate of the appraisers is only *prima facie* evidence that the property has in fact been appraised as therein set forth. *Hayes* v. *Lusby*, 5 H. & J. 487; *Karthaus* v. *Owings*, 2 G. & J. 445. It is certainly not entitled to higher credit than the return of the sheriff upon a judicial writ which is only *prima facie* evidence of its truth, although it has been justly held that the return of the

sheriff will prevail unless overcome by clear evidence. *Windwart* v. *Allen*, 13 Md. 196; *Abell, Garnishee,* v. *Simon*, 49 Md. 318.

If the facts which the appellant offered to prove were true and the justice, knowing the value of the horse to be more than one hundred dollars, issued the writ upon the understanding that the fictitious appraisement which followed was to be made as part of the general scheme to give him a false appearance of jurisdiction, then the transactions incident to the issue of the writ and the pretended appraisement constituted a mere travesty upon the proceedings required by law to establish the facts giving jurisdiction to the justice, and the writ should have been quashed.

The question presented by this record as to the pretended appraisement is not whether the appraisers erred in their estimate of the value of the horse taken under the writ, but it is whether there was any appraisement at all. If the facts which the appellant offered to prove were true there was no appraisement and for that reason also the justice was without jurisdiction to try the case.

The decision of the Circuit Court upon an appeal from the judgment of a Justice of the Peace is ordinarily final, yet if the justice and consequently the Circuit Court on appeal were without jurisdiction of the case an appeal lies to this Court from the judgment of the Circuit Court. *Cole* v. *Hynes*, 46 Md. 184; *Herzberg* v. *Adams*, 39 Md. 312; *Mears* v. *Remare*, 33 Md. 250. In the present case the rejected evidence went directly to the question of the jurisdiction of the justice and the action of the Circuit Court in rejecting it is therefore reviewable by us upon this appeal.

The judgment appealed from will be reversed with costs and the case remanded to the Circuit Court.

*Judgment reversed.*

(Decided March 6th, 1902.)