## CECIL STARLIPER

*vs.*

## STATE OF MARYLAND.

*Appeals: from courts of special jurisdiction, only when specially provided. Concealed weapons: jurisdiction of justices of the peace; appeals to Circuit Court; trial at next session.*

By sec. 30B of Art. 27 (3 Bagby's Code, p. 322), under the sub-title "Concealed Weapons," jurisdiction was given to justices of the peace to try and determine all such cases, with the right of the traverser to appeal therefrom to the Circuit Court having criminal jurisdiction in the case; but no appeal was given from the action of such Circuit Court thereon to the Court of Appeals: unless there was a want of jurisdiction, in such a case, in the Circuit Court to render the judgment appealed from, the Court of Appeals has no power to review the judgment.  p. 298

Under the statute, upon a prayer for a jury trial, it is the duty of the justice to commit the offender for trial, or to hold him to bail to appear for the court having criminal jurisdiction in the case, at the *then* or *next* session; but nothing in the statute defeats the jurisdiction of the court if, for good and sufficient reasons, it could not hear the case at the term or session to which the papers were transmitted.  p. 299

*Decided June 22nd, 1915.*

Appeal from the Circuit Court for Washington County. (KEEDY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Albert J. Long* (with whom was *Jesse O. Snyder* on the brief), for the appellant.

*Edgar Allan Poe, the Attorney-General* (with whom was *Scott M. Wolfinger, State's Attorney for Washington County* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellant in this case was arrested upon a warrant dated the 9th of September, 1914, issued by John Ankeny, a justice of the peace of the State of Maryland, in and for Washington County, upon the oath of Otto W. King, who charges that the traverser "did unlawfully on August 14th, 1914, carry a deadly weapon commonly called a revolver concealed upon or about his person, contrary to law."

On the 14th of September, 1914, a jury trial was prayed on the part of the State to the November term of the Circuit Court for Washington County, and on the following day the warrant and papers were transmitted by the justice of the peace to the Clerk of the Circuit Court, and filed in his office.

The appellant was tried and convicted before a jury at a regular term of the Circuit Court for Washington County on December 1st, 1914, and was sentenced by the Court on the 4th day of December, 1914, to the Maryland House of Correction for the period of two years. From this judgment he has taken this appeal.

At the trial of the case in the Court below the traverser reserved ten bills of exceptions. Six of these relate to the rulings of the Court upon the admissibility of evidence. The seventh, eighth, ninth and tenth exceptions were to the action of the Court in overruling motions to set aside the verdict and for a suspension of sentence pending an application for a pardon.

The first question to be considered on an appeal to this Court in cases of this kind is one of jurisdiction, and that is, whether the Circuit Court for Washington County had power and jurisdiction to hear and determine the case.

The proceedings in the case were originated before the justice of the peace, under section 39 of Article 27, sub-title "Concealed Weapons," *Bagby's Code,* Vol. 3, page 322.

By Chapter 146 of the Acts of 1914, two additional sections, to be known as sections 30A and 30B, were added to the section of the Code then in force in the State.

By section 30B of this Act, jurisdiction original and concurrent with the Circuit Courts having criminal jurisdiction was given to the justices of the peace of the State, and they were given power to try and determine all such cases, to the same extent as the Circuit Courts of the State, having criminal jurisdiction, could do in such cases. By the latter part of this section it is provided as follows: "that if any person, when brought before any such justice having jurisdiction of the case shall, before the trial for the alleged offense, pray a jury trial, or the State's Attorney for the county or city where the offense occurs, shall, before the trial of such alleged offense, pray a jury trial on behalf of the State, it shall be the duty of the justice to commit such alleged offender for trial, or to hold him to bail to appear for trial in the Court having jurisdiction in the case, at its then or next session." The justice of the peace is further required to return the papers with the names, etc., * * * of the witnesses, forthwith to the Clerk of the Circuit Court where the trial is to be had, and to inform the accused, when brought before him, for trial of his right to demand a jury trial.

It will be seen that while the statute gives the right of appeal from the justice of the peace in the mode and manner provided therein to the Circuit Court where the offense has been committed, there is no appeal given by the statute from the Circuit Court to this Court, and unless there was a want of jurisdiction in the Circuit Court to render the judgment here appealed against, there is no power in this Court to review it; *Koeler* v. *State Roads Comm.,* 125 Md. 444; *Hyattsville* v. *W. W. & G. R. R. Co.,* 124 Md. 578; *Rayner* v. *State,* 52 Md. 368; *Jackson* v. *Bennett,* 80 Md. 76; *Josselson* v. *Sonneborn,* 110 Md. 550.

In the case of *Green* v. *State,* 113 Md. 452, JUDGE PATTISON very carefully reviews the cases in this Court upon the criminal jurisdiction of justices of the peace to try misdemeanors, under Chapter 475, Acts of 1906, now section 12 of Article 52 of the Code, and holds that when the Circuit Court has jurisdiction to decide an appeal from a justice of the peace its decision is final, and no appeal lies to this Court unless given by the statute.

It is insisted, however, upon the part of the appellant, that the Circuit Court for Washington County was without authority and jurisdiction to hear and determine the case, because the prayer for an appeal (a jury trial) was to the November term of that Court, when, on September 15, the date when the papers were transmitted to the Clerk of the Court, there was a special session of the Circuit Court then pending, and that the appeal should have been taken to the then session, and the case heard and determined at the special session of the May term,- the then session of the Court.

The language of the statute as to the transmission of the papers to the Court for trial upon the prayer for a jury trial is, that it shall be the duty of the justice to commit the offender for trial, or to hold him to bail to appear for trial in the Court having criminal jurisdiction in the case at its then or next session of the Court.

The jury terms of Court for Washington County are the second Monday in February, May and November, and the non-jury terms the first Monday in August of each year.

The November term was the next regular session of the Court after the May term, and the justice was entirely right in holding the traverser for trial at the November term, after the prayer for a jury trial on the part of the State.

The statute provides the offender shall be held for trial in the Court having criminal jurisdiction, at its then or next session of the Court, but there is nothing in the statute to defeat the jurisdiction of the Court to try and determine the case if, for good and sufficient reasons, it could not be heard at the term or session to which the papers are transmitted.

It is admitted that there was a special session of the May term of the Court from September 7th to September 17th, 1914, and that the Grand Jury but not the Petit Jury had been recalled by the Court to attend this session.

As the Circuit Court for Washington County had jurisdiction to hear and determine the case, and there being no appeal to this Court, its action can not be reviewed here, so the appeal will be dismissed.

*Appeal dismissed, with costs to the appellee.*