# JOHN ALLEN

## *vs.*

## STATE OF MARYLAND.

*Bastardy: indictment; time of birth.*

While the offense of bastardy is not consummated and no indictment can be found therefor until the birth of the child, yet the time of the birth is not of the essence and need not be proved as alleged.                                        p. 267

Under the Code, section 496, Article 27, no indictment is to be quashed for omitting to state the time at which an offense was committed where time was not of the essence, nor for stating it imperfectly, etc.                                 p. 267

*Decided March 7th, 1916.*

Appeal from the Circuit Court for Prince George's County. (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Wm. J. Neal* submitted a brief for the appellant.

*Albert C. Ritchie, Attorney-General,* for appellee.

URNER, J., delivered the opinion of the Court.

The appellant moved in the Court below that an indictment against him for bastardy be quashed because, after charging that the fornication was committed on the first day of December, 1914, it averred that the illegitimate child thus begotten was born alive on the first day of December, 1915. The indictment was found on October 14th, 1915, and it is said to be fatally defective in alleging that the child was born on a date which had not then arrived, and which would occur twelve months after the time of conception, and beyond the longest possible period of pregnancy. Upon this appeal the only question presented is whether the objection just mentioned is well founded. This question is entirely free of difficulty. While under the bastardy law of Maryland the offense is not consummated, and the indictment can not be found until the birth of the child (Code, Art. 12; *O'Brien v. State,* 126 Md. 277; *Sheay* v. *State,* 74 Md. 52), yet the *time* of the birth is not of the essense of the offense and need not be proved as alleged. *Neff* v. *State,* 57 Md. 385. In the last cited case the defendant in a bastardy proceeding pleaded that the prosecution was not commenced within a year from the date which the indictment mentioned as the time of the commission of the offense. A demurrer to the plea was sustained, and on appeal this Court approved of the ruling and said the plea was insufficient "because in cases of this kind *time is not of the essence of the offense,* and the State was not bound to prove that the child was born on the precise day charged in the indictment. The offense was consummated by the birth of the illegitimate child, and it was only necessary for the State to prove that the prosecution commenced within a year from that time. To constitute a good plea of the *Statute of Limitations,* it was necessary, therefore, to allege that the prosecution was not begun within a year from the birth of the child."

. The reference in the present indictment to a future date, as the time of the birth of a child alleged to be already born, was an obvious and immaterial error by which the defendant

could not possibly be prejudiced. It is provided by statute that no indictment or presentment shall be quashed "for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment or making the presentment, or on an impossible day, or on a day that never happened, or by reason of any mere defect or imperfection in matters of form which shall not tend to the prejudice of the defendant." Code, Art. 27, sec. 496. This provision furnishes such an explicit and conclusive answer to the objection raised in this case as to make its further discussion unnecessary.

It appears from the record that after the motion to quash was overruled by the trial Court the defendant elected to stand upon the motion and thereupon entered an appeal. The docket entries do not show the rendition of a judgment. No point has been made of this omission, and we have therefore considered and decided the appeal as if a judgment were shown by the record to have been duly rendered.

*Ruling affirmed, with costs.*