# SHARPLESS SEPARATOR COMPANY

*vs.*

## CHARLES BRILHART, Sec'y-Treasurer, and HARVEY L. FRIZZELL, Director and Agent, Dug Hill Fire Insurance Company, Garnishee of H. L. Pickett.

*Corporations*: *individual directors; no general power to bind corporation; not agents in general sense. Summons*: *quashing of writs; service of process by telephone. Appeals. Exceptions*: *when unnecessary. Courts*: *presumptions in favor of—.*

The Court of Appeals will entertain appeals from orders quashing writs of summons and the returns thereon, when the result of the ruling appealed from put the party out of court.

p. 88

The same principle applies when the result would be to release a fund garnished by an attachment on a judgment, and an appeal may be maintained from such an order. p. 88

The mere fact that there is no bill of exceptions does not justify dismissing an appeal, if the record itself discloses what was the question passed upon and decided by the court below.

p. 89

On appeal from an order quashing the return to an attachment on a judgment, in the absence of proof in the record to the contrary, the presumption is that the court acted correctly.

p. 89

In general, a director has no authority to bind his company by his individual acts, unless authorized so to act by the board or some officer with the proper authority. p. 91

A director of a corporation, in general, has no authority to bind the corporation by a return in court to an attachment.

p. 91

In the absence of any proof to the contrary, it can not be presumed that a director or agent of a corporation has authority to waive the statutory requirements as to valid service on the corporation.

p. 92

The service of process by reading the writ over the telephone is not to be sanctioned.

p. 90

*Decided June 22nd, 1916.*

Appeal from the Circuit Court for Carroll County. (FOR-SYTHE, JR., J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George L. Stockdale* (with whom was *John Milton Reif-snider* on the brief), for the appellant.

*Guy W. Steele,* for the appellees.

BOYD, C. J., delivered the opinion of the Court.

The appellant issued an attachment on a judgment it had obtained against Harry L. Pickett, being returnable on the 2nd Monday of February, 1915. The Sheriff of Carroll County, to whom it was directed on January 30th, 1915, made the following return: "Laid in the hands of Charles Brilhart, Sec'y-Treasurer of Mutual Fire Insurance Company of Dug Hill, Carroll County, Md., and him summoned December 28th, 1914, at 5 P. M. And December 28th, 1914, at 5 P. M., laid in the hands of Harvey L. Frizzell, agent of the Mutual Fire Insurance Company of Dug Hill, Carroll County, Md., and him summoned."

On May 11th, 1915, an order was filed with the Clerk of the Court as follows: "Mr. Clerk: Please enter my appear-

ance for Charles Brilhart, agent, and Harvey L. Frizzell, agent, Dug Hill Fire Insurance Company. (Signed) Guy W. Steele." On May 24th, 1915, Harvey L. Frizzell filed an answer as follows:

"In the Circuit Court for Carroll County, Trials 30, May Term, 1915. Sharpless Separator Company, Plaintiff, vs. Charles Brilhart, Agent; Harvey L. Frizzell, Agent; Dug Hill Fire Ins. Co., Garnishee of Harry L. Pickett, Defendant.

"Farmers' Mutual Fire Insurance Company of Dug Hill, Carroll County, Maryland, Garnishee in the above entitled case, for answer to the writ of attachment laid in the hands of Charles Brilhart, Secretary and Director, and Harvey L. Frizzell, Director and Agent of Farmers' Mutual Fire Insurance Company of Dug Hill, Carroll County, Maryland, generally known as Dug Hill Fire Insurance Company, says: That at the time of the laying of the attachment in the hands of Charles Brilhart, Secretary and Director, and Harvey L. Frizzell, Director and Agent, of the said Farmers' Mutual Fire Insurance Company of Dug Hill, Carroll County, Maryland, that it had and has a check for the sum of Two Hundred Dollars and Seventeen Cents, in the hands of Harvey L. Frizzell, Director and Agent, which check was payable to Harry L. Pickett at the time of the laying of said attachment, being the balance of money in a settlement of a fire due Harry L. Pickett from the Farmers' Mutual Fire Insurance Company of Dug Hill, Carroll County, Maryland, which sum of Two Hundred Dollars and Seventeen Cents, Harvey L. Frizzell, Director and Agent of the Farmers' Mutual Fire Insurance Company of Dug Hill, Carroll County, Maryland, assent to a judgment for this amount."

That is signed by "Harvey L. Frizzell, director and agent of Farmers' Mutual Fire Insurance Company of Dug Hill, Carroll County, Maryland."

On June 1st, 1915, Charles Brilhart filed in the same case a motion to quash the return of the sheriff, and assigned as the reasons, (*a*) that it was never served on him personally, if intended against him in his individual capacity, and (*b*) that it was not served on the company by personal service upon an officer thereof, and no copy of process was left with any officer thereof as required by law. On the same day that was filed (June 1st) the plaintiff asked leave to the sheriff to amend his return, and on November 19th that motion was granted and the sheriff filed an amended return as follows: "1914, Dec. 28th—5 P. M. Laid in the hands of the Farmers' Mutual Fire Insurance Company of Dug Hill, Carroll County, Maryland, a corporation, by service of this writ upon Harvey L. Frizzell, director and agent of said company and it summoned," and "1914, Dec. 28th, 4 P. M., laid in the hands of the Farmers' Mutual Fire Insurance of Dug Hill, Carroll County, Maryland, a corporation, by reading this writ over the telephone to Charles Brilhart, secretary and treasurer of said company." Both of those returns were signed by Robert L. Davis, Sheriff of Carroll County. On the same day (November 19th, 1915,) Mr. Steele appeared "for sole purpose of making motion" and moved the Court to strike out and quash the sheriff's return, which motion was granted. The plaintiff reserved a "general exception," and on the 14th of January, 1916, entered this appeal—filing an appeal bond on February 5th. Although there was an agreement extending the time for filing a bill of exceptions, and it was extended by an order of January 24th, 1916, no bill of exceptions was filed.

The appellee has made a motion to dismiss the appeal because it was not taken from a final judgment or determination such as is contemplated by section 2 of Art. 5 of the Code, and because, although testimony was taken, no bill of exceptions was filed. When the sheriff's return to a writ of attachment is quashed, after the return day, the plaintiff is out of Court —it is a final determination of the case—unless there can be a sufficient amended return or unless, of course, there is

some other return in the case not affected by the motion to quash. It is not suggested that the amended return does not correctly state the facts, or that there was any other return excepting the one amended. It is true that the record states that Mr. Steele "moves the Court to strike out and quash sheriff's return of said writ of attachment (motion verbal), which motion was by the Court granted," but it was on the same day the sheriff made the amended return and, although the motion speaks of the "Sheriff's return," it follows in the record and in the docket entries the amended return, and we understand it referred to the return as amended, as indeed the argument so showed.

' As we have seen, this was an attachment on a judgment, the office of which is like that of a *fieri facias*—although the procedure is different. If a *fieri facias* is quashed, so that property seized under it is released, there is an appeal. *Wilmer* v. *Harris,* 5 H. & J. 1; *Hollingsworth* v. *Floyd,* 2 H. & G. 87. "The process of attachment on judgment, under the Act of 1715, Chap. 40, sec. 7 (now a part of sec. 29 of Art. 9), is considered as an execution and governed by the same principles." *Baldwin* v. *Wright,* 3 Gill, 241; *Griffith* v. *Ins. Co., Garnishee,* 7 Md. 102. That is one reason why an appeal should lie when the return to an attachment on a judgment is quashed, if thereby the property attached is released.

In regard to motions to quash returns of summons in one of the late cases, *State* v. *Penn. Steel Co.,* 123 Md. 212, the distinction between those cases which are appealable and those which are not is pointed out by JUDGE PATTISON. He said if the motion to quash prevailed under the facts of that case, no action would lie in this State and there was no one upon whom process could be served, and hence an appeal from an order quashing the return of the summons would lie. In referring to the cases relied on by the appellee to sustain its motion to dismiss the appeal, he showed that in *Oland* v. *Agric. Ins. Co.,* 69 Md. 248, where the Court dismissed the appeal, it was said: "The case against the appellee is still pending in the Court below, and the process may be renewed

and properly served in accordance with the provision of the statute to which we have referred." In *Bolgiano* v. *Gilbert Lock Co.,* 73 Md. 132, the company was summoned by service on G. M. Lance, its secretary, and Lance was also summoned individually. The defendant filed a petition alleging that the company was a corporation not having an office in this State, and Lance was a resident of New Jersey; that Lance was in this State as a witness in a case on trial, and while he was in attendance as such witness and for no other purpose the summons was served upon him. The petition then prayed for an order quashing the writ and the return thereon. There was a demurrer to the petition which the Court overruled, and from the order overruling the demurrer the appeal was taken. That seems to have been treated as equivalent to an order quashing the return and this Court passed on the questions involved, and affirmed the order. In *Mullen* v. *Sanborn and Mann,* 79 Md. 364, a motion to quash the writ of summons and the return of the sheriff thereon was made on the ground that the party summoned was in this State for the purpose of attending the trial of a case as a witness, and the writ was quashed. The appeal was considered by this Court and the order reversed. It is true there was no motion to dismiss the appeal in either of those cases, but prominent attorneys represented the respective appellees, and the Court did not indicate any doubt about its right to entertain the appeals. In *Central of Ga. Ry. Co.* v. *Eichberg,* 107 Md. 363, the service was held sufficient and the company appealed, but it was said in the opinion: "It was agreed by counsel at the argument that no advantage should be taken of the fact that there has been no final disposition of the case by the Court below; the desire on both sides being to have the question of the sufficiency of the service determined by this Court on this appeal." We did determine it without further reference to the right of appeal. In *Long* v. *Hawken,* 114 Md. 234, there was again a motion to quash the summons and the return on the ground that the defendant (the appellee) was a non-resident of the State and was

in the State for the sole purpose of attending a trial of a case as a party and testifying as a witness. The motion was granted and the summons and return quashed, from which action the appeal was taken. There was a motion to dismiss the appeal. JUDGE BRISCOE said in passing on it, on page 239: "As to the motion to dismiss the appeal we need only say that the appeal is from the order and determination of the Court in granting the defendant's motion to quash the summons and the return of the sheriff thereon, and in such cases the appeal brings up the record for review by this Court. *Shaeffer* v. *Gilbert,* 73 Md. 66; *Coulbourn* v. *Fleming,* 78 Md. 210. When the motion rests on questions of fact, the evidence ought to be certified and presented by bills of exception properly authenticated and filed in the case. *Dumay* v. *Sanchez,* 71 Md. 512; *Palmer* v. *Hughes,* 84 Md. 659; *New & Sons* v. *Taylor,* 82 Md. 40. In the present case there was no bill of exceptions but the record itself discloses the questions passed upon and decided by the Court below. The motion to dismiss will be overruled."

We have referred to these cases to show that this Court has consistently entertained appeals from orders quashing writs of summons and the returns thereon, when the result of the rulings of the lower Court was to put the parties out of Court. When the result is to release a fund garnished by an attachment on a judgment, as in this case, there would seem to be an equally good reason for allowing an appeal.

In 2 *Poe,* sec. 684, and in *Hodge and McLane on Attachments,* sec. 119, it is said, in speaking of the amendment of a sheriff's return, that "from the order of the Court below granting or refusing leave to amend an appeal will lie." If that be so there would certainly be as much, if not more reason for allowing an appeal from an order quashing a sheriff's return, but as we have no question about the order quashing the sheriff's return being appealable, we will not stop to examine the authorities cited by these learned authors.

The only remaining question as to the motion is whether the appeal must be dismissed because there is no bill of ex-

ceptions. The record does not show that evidence was taken, although the motion to dismiss the appeal does so allege, and the plaintiff had the right to have the Court determine from the record whether the action of the Court in quashing the return was proper in the absence of any thing to show that the Court's action was based on something dehors the record. The case of *Long v. Hawken, supra,* is an authority to show that the mere fact that there is no bill of exceptions is not sufficient to justify dismissing the appeal, if "the record itself discloses the questions passed upon and decided by the Court below." Of course when we come to the question whether the Court erred in quashing the return the lower Court is presumed to have decided properly unless the contrary is shown. The appeal therefore can not be dismissed because there was no bill of exceptions, and as we have said that an appeal can be taken from an order quashing a return in an attachment case, the motion to dismiss the appeal must be overruled.

The remaining question then is whether the Court erred in quashing the return, so far as shown by the record. The appellant (plaintiff) relies on the appearance of Mr. Steele and the return signed by Mr. Frizzell as waivers of the irregularity in the service of process. So far as the appearance of Mr. Steele is concerned he did not appear for the company but for "Charles Brilhart, agent, and Harry L. Frizzell, agent, Dug Hill Fire Insurance Company." It was not a correct service on the company, as section 87 of Article 23 of the Code requires process to be served as follows: "Process issued by any Court or Justice of the Peace of this State against any corporation thereof may be served on any president, director, manager or other officer; and if none reside in this State, such corporation may be proceeded against by attachment as a non-resident, or such process may be served on any agent or other person in the service of the corporation; *provided that in all cases mentioned in this section, the officer serving process shall leave a copy thereof with the person upon whom it is served,"* etc. It will be

observed that the original return did not profess to be on Mr. Frizzell as director or an officer, but only as an agent, and the amended return on Mr. Brilhart shows that the only attempted service on Mr. Brilhart was by telephone.

When therefore the sheriff returned that he had served the writ as stated and had summoned the agents, it can not be said that the company was served or summoned. The plaintiff seemed to have recognized the error of that, and by the amended return undertook to show service on the company by service upon Mr. Frizzell, director and agent, and by reading the writ to Charles Brilhart, secretary and treasurer, over the telephone. So far as the latter is concerned we can not give our sanction to service of process by reading the writ over a telephone. It is the duty of an officer to whom it is directed to serve it in person, and it would open the door for fraud, confusion and misunderstandings, if the officers of the law be permitted to so serve process. It may be true that generally a familiar voice can be recognized over the telephone, but an officer in the performance of such duties is often called upon to serve process upon strangers, or those whose voices he is not familiar with. One desiring to escape service might have someone answer for him, and then contend he was not summoned, or he might truthfully say that he did not know the voice of the officer or did not understand what he said. In *Knickerbocker Co.* v. *Gardiner Co.*, 107 Md. 556, on pages 571-573, we considered the use of telephones in business transactions, and we sanctioned the use of them to the extent therein stated, but we added: "As it is a character of evidence that might be used improperly, Courts should be careful in the application of the rule." The use of them by an officer for serving process is far more objectionable. The presumption in favor of the truth and correctness of the officer's return would necessarily have to be at least modified, and if the service was questioned it would oftentimes be difficult for a conscientious officer to sustain his return. Without deeming it necessary to give further reasons for not sanctioning it, we must emphatically register

our disapproval of it. In many cases no harm would result, as those summoned would raise no question, but even one mistake might prove to be costly to the officer or very injurious to the public. There was no valid service on this company through Mr. Brilhart.

The appellant contends, however, that the irregularities in the service are waived by the appearance of Mr. Steele and the return signed by Mr. Frizzell. We have quoted above the order for the entry of the appearance of Mr. Steele. It was for the agents, and the form of the order excludes the idea of his appearing for the company, when he thus specified those for whom he appeared. If he had intended to appear for the company he would likely have directed that his appearance be entered for "the garnishee," or for the company, naming it, garnishee. That appearance did not in our judgment waive the right of the company to object to the return. The sheriff did not return the company served until he made his amended return, which was defective, and the motion to quash was then made by Mr. Steele, who appeared specially for that purpose.

The only other question is whether the return made by Mr. Frizzell precluded *the company,* not him, from making the motion to quash the return. It is true that it begins as if the company was making the return, but it concludes by Mr. Frizzell giving *his* consent to a judgment of condemnation for the amount named. There is nothing in the record to show that he had any authority to make the return so as to bind the company, even if it be conceded that he intended to bind it. It is true that the record shows that he was a director and agent of the company, but there is no presumption that either a director or an agent (at least without showing the character of agency) is authorized to make a return in Court so as to bind the company. The rule is that one director has no power to bind his company by his individual acts, independent of the others, unless authorized to so act by the board or some officer who has authority to do so. The company was of Carroll County, and at least the secretary

and treasurer was within reach, as is shown by the attempted service on Mr. Brilhart, and he a week after Mr. Frizzell's return was filed made a motion to quash the sheriff's return. The attorney for the company made a motion to quash the return the very day that it was so amended as to show that the company was returned summoned.

Nor is there anything to show that Mr. Frizzell had authority to waive the requirements of the statute as to service on the company. One object of the statute in requiring a copy to be left with "the person upon whom it is served" is doubtless to enable him to send or give it to the proper officer of the company so he may see that the company is protected. If there was in fact evidence taken on the subject of the service, the authority of Mr. Frizzell, etc., as the attorney for the appellee claims, in its "absence from the record the ruling of the Court will be presumed to be correct." *Steil Brew. Co.* v. *W., B. & A. R. R.,* 120 Md., on page 427. And as there is nothing in the record to show that he had such unusual power we cannot assume that he was authorized either to make the return for the company or to waive the requirements of the statute in order to have valid service on it. There was therefore no valid service on the company, and the lower Court was right in quashing the return of the sheriff. As section 20 of Article 26 of the Code expressly authorized more than one attachment to issue on a judgment or decree, and inasmuch as the return was manifestly defective, the easy solution of the difficulty would have been to issue another attachment and have the company properly served, if it had credits in its hands which could be reached.

As nothing can be accomplish by remanding the case, so far as now appears to us, we will not do so, unless application is made and we are then satisfied that it should be remanded.

*Order affirmed, the appellant to pay the costs.*