# THE STATE OF MARYLAND

*vs.*

## EARL DARLING.

*Justices of the peace*: *appeals to Circuit Court; jurisdiction; motion to quash; appeals to Court of Appeals; certification of evidence.*

The Court of Appeals cannot review the action of a Circuit Court in proceedings held before it, on an appeal from a judgment of a Justice of the Peace, excepting where the Justice of the Peace acted without jurisdiction in the case from which the appeal to the Circuit Court was taken.　　·p. 252

In the latter case, the proper way to raise the question of the right of the Circuit Court to entertain such an appeal, and the right to an appeal from its action, is by a motion to quash.
p. 252

While bills of exceptions are not allowed in trials of cases on appeal from judgments of Justices of the Peace, yet the evidence taken in the Circuit Court upon the motion to quash should, on appeal, be properly certified to the Court of Appeals.　　　　　　　　　　　　　　　　p. 253

The rule that a party cannot have a review of a judgment entered on a plea of guilty applies only where the plea was made freely, voluntarily and with full understanding of its nature and effect, and of the facts upon which it is founded.

p. 254

A Circuit Court overruled a motion to dismiss an appeal from a judgment of a Justice of the Peace; on appeal to the Court of Appeals, the record failed to show on what facts the court based its determination; the appeal was dismissed.　p. 254

*Decided January 19th, 1917.*

Appeal from the Circuit Court for Caroline County. (ADKINS and HOPPER, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Fred R. Owens,* State's Attorney for Caroline County, and *Albert C. Ritchie,* Attorney-General, for the appellant.

*T. Alan Goldsborough,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Caroline County, in overruling a motion to dismiss an appeal to that Court, from a judgment rendered by a Justice of the Peace, against the appellee. Of course, it is too well established, for controversy, that this Court can not review the action of a Circuit Court in proceedings on appeal from a judgment of a Justice of the Peace, provided the action was within the jurisdictional limits of that tribunal. *Starliper* v. *State,* 126 Md. 295; *Green* v. *State,* 113 Md. 451; *Darrell* v. *Biscoe,* 94 Md. 684. It is also true, that this Court has recognized a motion to quash, as the proper way to raise the question of the jurisdiction of the Circuit Court to hear an appeal from a justice, and that the order on that motion is an appealable one. *Josselson* v. *Sonneborn,* 110 Md. 546; *Allen* v. *State,* 128 Md. 265. In *Josselson* v. *Sonneborn, supra,* JUDGE BURKE, speaking for the Court, said: "The defendants had the right to raise the question of the jurisdiction of the Baltimore City Court by a motion to quash, and an appeal will lie to this Court from an order overruling the motion. An appeal from such an order has been entertained by the Court in *Darrell* v. *Biscoe,* 94 Md. 684, and *Benton* v. *Stokes,* 109 Md. 117. It is an appropriate method to have the question of the jurisdiction of the lower Court

determined, and while bills of exceptions are not allowed in trial of cases on appeals from judgments of Justices of the Peace (*Cole* v. *Hynes*, 46 Md. 181) the evidence taken before the Court below upon the motion to quash may be properly certified to this Court, as was done in this case."

The docket entries of the justice show as follows:

"September 13th, 1915.—On the oath of Ethel Thomas, who charges Earl Darling with having on the 13th day of September at Caroline County, State of Maryland, committed an assault and battery upon her, the said Ethel Thomas, contrary to law.

"State warrant issued, directed to Walter H. Lord, constable, on the 13th day of September. Returned *cepi.* Trial, September 17, 1915. Traverser waives his right to jury trial, as does also State of Maryland.

"Traverser pleads guilty. Verdict guilty. Judgment that the said Earl Darling be confined in the Maryland House of Correction for the period of one year from this date."

There appears in the record a certified copy of certain papers filed in *habeas corpus* proceedings instituted by Earl Darling against the Sheriff of Caroline County, on September 20th, 1915. These papers consist of copies of the petition, the writ, the commitment and the order of Court.

It appears that, within the statutory limit of ten days for an appeal, the appellee ordered an appeal, but the justice refused to note the same, refused bail and had him confined to jail until the sheriff could transfer him to the place of confinement, upon the theory that he had no right to appeal from a judgment and sentence pronounced after a plea of guilty.

The writ of *habeas corpus* was sought probably upon the belief that the only way the appellee could get relief was by and through Section 535 of Article 27 of the Code, which was in force at that time, but has since been repealed by Chapter 556 of the Acts of 1916. JUDGES ADKINS and HOPPER heard testimony and argument, and determined that

the appellee was entitled to his appeal and ordered the justice to admit him to bail and transmit the papers to the Circuit Court. This action is not, however, the subject of criticism in this Court.

Upon the case being called for trial the State filed, in writing, a motion to dismiss the appeal, on the ground that "the Circuit Court for Caroline County does not have jurisdiction to try the case appealed from the Justice of the Peace when traverser and State waive jury trial and judgment is entered upon a plea of guilty."

In delivering the opinion of this Court in *Lowe* v. *State,* 111 Md. 1, JUDGE PEARCE, while recognizing and re-affirming the rule, that a party can not have a review of a judgment entered on a plea of guilty, yet points out, from a review of the authorities, that the rule only applies when the judgment is *properly* entered, and that "properly entered" means, that the plea of guilty has been made freely, voluntarily and with a full understanding of its nature and effect and of the facts upon which it is founded.

In the present case, the record is barren of the facts upon which the Court based its determination. It does not show whether testimony was taken at the hearing or whether the testimony taken at the hearing of the *habeas corpus* before the same judges was used. As was held in *State* v. *Williams,* 85 Md. 231, those facts should have been spread upon the record by an agreed statement or by a special finding of the Court.

The position in which this Court is placed by the absence of the facts which were in the possession of the lower Court when it made its ruling is, that we are asked to rule that it did not have jurisdiction to hear the case, when those facts might show clearly that this case was well within the recognized exception to the general rule.

Not being able to pass upon this question in the present state of the record, we are compelled to dismiss the appeal.

*Appeal dismissed.*