## STATE *v.* HARMAN

[No. 76, October Term, 1951.]

*Decided February 8, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *John L. Sanford, Jr., State's Attorney for Worcester County,* on the brief, for appellant.

*Daniel T. Prettyman,* for appellee.

DELAPLAINE, J., delivered the opinion of the Court.

On May 8, 1951, Jerome Harman was tried before Trial Magistrate James B. Robins, sitting in Ocean City, on a charge of driving a motor vehicle at West Ocean City while under the influence of intoxicating liquor in violation of the Maryland Motor Vehicle Law. Code Supp. 1947, art. 66½, sec. 153. The State's Attorney for Worcester County prosecuted the case, and Daniel T. Prettyman acted as the attorney for defendant. The magistrate found defendant guilty and sentenced him to confinement for six months in the Maryland House of Correction.

Immediately upon the imposition of the sentence, defendant's attorney informed the magistrate in the presence of the State's Attorney that he wanted to take an appeal on behalf of defendant. Accordingly the magistrate set the amount of bond at $2,000. A bond was then signed by defendant and two sureties and was presented to the magistrate, who made the following entry on his docket: "Appeal Date, May 8, 1951. Bondsmen, Gerald H. Tarr, Frances Tarr. Amount of Bond, $2,000." No written order of appeal, however, was filed at that time by defendant or his attorney.

On May 21, thirteen days after the trial, the State's Attorney notified defendant's attorney that, inasmuch as no written order of appeal had been filed by defendant or his attorney, the State intended to execute

the sentence imposed by the magistrate. Later on that day defendant's attorney filed an order of appeal with the magistrate. On May 22 the magistrate filed the papers in the case with the Clerk of the Circuit Court for Worcester County.

On July 2 the State's Attorney filed a motion to quash the proceedings by dismissing the appeal on the ground that the Circuit Court was without jurisdiction to try the case for the reason that defendant had failed to comply with the requirement of the Motor Vehicle Law that a written order of appeal signed by the convicted person or his attorney shall be filed with the committing magistrate within ten days from the date of judgment. Laws 1943, ch. 1007, sec. 265, Code Supp. 1947, art. 66½, sec. 265. The Court overruled the motion, holding that, although the statute requires "a written order of appeal," the entries on the magistrate's docket showed that defendant indicated immediately after his conviction that he wanted to appeal; and furthermore that the appeal bond, which stayed the execution of the sentence, was in the nature of a written order of appeal. From the order overruling the motion to quash the proceedings, the State appealed here.

In Maryland it is an established rule that the decision of the Circuit Court on an appeal from a judgment of a magistrate is generally final and conclusive, but if the Circuit Court is without jurisdiction, an appeal will lie from its judgment to the Court of Appeals. *Mears v. Remare*, 33 Md. 246, 250; *Cole v. Hynes*, 46 Md. 181, 184; *Rayner v. State*, 52 Md. 368, 374; *Darrell v. Biscoe*, 94 Md. 684, 687, 51 A. 410; *Starliper v. State*, 126 Md. 295, 298, 94 A. 908.

We are asked to decide whether the State can appeal from the order of the Circuit Court overruling the motion to quash the proceedings. Our appeal statute provides: "From any judgment or determination of any court of law in any civil suit or action or in any prosecution for the recovery of any penalty or fine or damages, any party may appeal to the Court of Appeals * * *."

Code 1939, art. 5, sec. 2. We have interpreted the term "judgment or determination" to mean final judgment or determination. Thus we have held that an appeal in a criminal case is premature until after final judgment. *Dail v. Price,* 184 Md. 140, 143, 40 A. 2d 334; *Harris v. State,* 194 Md. 288, 71 A. 2d 36; *State v. Barshack,* 197 Md. 543, 80 A. 2d 32; *Adams v. State,* 198 Md. 454, 84 A. 2d 613.

In the instant case the Attorney General, in contending for the right of the State to appeal from the order of the Court below, relied upon the following statement which Judge Burke made in his opinion in *Josselson v. Sonneborn,* 1909, 110 Md. 546, 550, 73 A. 650, 652: "The defendant had the right to raise the question of the jurisdiction of the Baltimore City Court by a motion to quash, and an appeal will lie to this Court from the order overruling the motion."

That case originated before a justice of the peace in Baltimore for repossession of certain premises. The justice entered a judgment in favor of the plaintiffs for repossession and for rent due. From that judgment the defendant appealed to the Baltimore City Court. The plaintiffs moved to quash the proceedings for lack of jurisdiction, and at the hearing on the motion it was agreed that the evidence to be introduced at the trial of the case before the jury should be considered as if it had been introduced on a hearing of the motion. The jury rendered a verdict in favor of the plaintiffs for repossession of the premises and for rent due. The Court then overruled a motion for a new trial, a motion in arrest of judgment, and the motion to quash the proceedings, and finally entered judgment on the verdict of the jury. We cannot consider that the single statement of Judge Burke, taken out of the context, is binding upon us. It is true that he said that the appeal was taken from the refusal of the Baltimore City Court to quash the proceedings, but the record discloses that the defendant appealed not only from that order but also from the judgment.

In the opinion in *State v. Darling,* 1917, 130 Md. 251, 252, 100 A. 91, 92, Judge Constable quoted the statement which Judge Burke made in *Josselson v. Sonneborn.* That case originated before a justice of the peace in Caroline County. The defendant was charged with assault and battery, and he waived his right to a jury trial and pleaded guilty to the charge. The justice sentenced him to the House of Correction for one year, and he appealed to the Circuit Court for Caroline County. The State moved to dismiss his appeal on the ground that an appeal could not be taken from a judgment entered by a justice of the peace upon a plea of guilty. The Circuit Court overruled the State's motion, and the State appealed to the Court of Appeals.

In support of the appeal entered by the State's Attorney, Attorney General Albert C. Ritchie requested the Court of Appeals to decide the question at issue as a matter of grace. He asserted that the question was an important one because of the growing custom of accused persons in various parts of the State of pleading guilty before a justice of the peace in the hope of securing a light sentence, and then, if not satisfied with the sentence, of appealing and having the case tried over again by the Circuit Court, thus receiving the benefit of a trial on the question of their guilt, which they had already solemnly confessed.

In his brief for the State, Attorney General Ritchie urged the Court to decide the case on the merits for the following reasons: "The Record in this case does not, it is true, show any judgment rendered by the lower Court after its order overruling the State's motion * * *. The appellee has made no point of this, however, and it is submitted that even if technically some sort of a final judgment should have been entered, still, in the interest of speedy justice and of not adding unnecessarily to the expense thereof, as well as of settling the point at issue, as applicable to this and other similar cases, this Court should decide the question presented, as it has frequently done under similar circumstances before."

In that case the State called attention to the fact that in *Allen v. State,* 1916, 128 Md. 265, 267, 97 A. 362, where the defendant's motion to quash an indictment for bastardy was overruled, and he took an appeal, the Court of Appeals affirmed the ruling, although no judgment had been entered. Likewise, as shown by *State v. Haas,* 188 Md. 63, 51 A. 2d 647, we have occasionally given our views on questions raised on a dismissed appeal on account of their great public importance. However, the statement which Judge Constable quoted from *Josselson v. Sonneborn* is not a precedent for our decision in the case before us, because the State's appeal was dismissed.

In accordance with the established rule that an appeal will not lie to the Court of Appeals except from a final judgment, we will dismiss the present appeal.

*Appeal dismissed and case remanded.*