# HUNT *v.* TAGUE

[No. 4, October Term, 1954.]

*Decided November 11, 1954.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Robert Alfred Brown,* for appellant.

*Samuel S. Smalkin,* with whom were *Rollins, Smalkin, Goudy and Weston* and *Ginsberg and Ginsberg,* on the brief, for appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This suit for damages was instituted in the Superior Court of Baltimore City by Catherine F. Hunt against Edward T. Tague, deceased, to recover for personal

injuries sustained in a motor vehicle collision on a highway in Maryland on April 20, 1950. The summons for the deceased defendant was served on the Secretary of State of Maryland as provided by the Maryland Motor Vehicle Act, and the service was attacked by Rachael M. Tague, widow and executrix of the deceased.

The statutory provision in controversy, Code 1951, art. 66½, sec. 113, declares that the acceptance by a nonresident of the rights and privileges of using the highways of Maryland, as evidenced by his operation of a motor vehicle on any of the public highways within the limits of this State, shall be deemed equivalent to an appointment by such nonresident of the Secretary of State to be his true and lawful attorney upon whom may be served all lawful processes in any action instituted against him growing out of any accident or collision in which he may be involved while operating or causing to be operated a motor vehicle on such public highway; and such acceptance of the rights and privileges of using the highways or the operation of said motor vehicle within this State shall be a signification of his agreement that such process shall be of the same legal force and validity as if served on him personally.

The statute then provides that service upon the nonresident shall be made by leaving a copy of the process with a fee of $2 in the hands of the Secretary of State or in his office, and such service shall be sufficient service upon the nonresident; provided that notice of such service and a copy of the declaration, cause of action or titling shall forthwith be sent by registered mail by the plaintiff or his attorney to the defendant, and the defendant's return receipt and the plaintiff's or his attorney's affidavit of compliance herewith shall be filed with the clerk of the court in which the proceedings are pending.

Plaintiff, a resident of the District of Columbia, alleged in her declaration that while she was seated in the rear seat of a station wagon automobile on the Washington Boulevard at Elkridge waiting for the traffic signal to change from red to green, defendant's automobile, ap-

proaching from the rear, was operated by defendant at such an excessive rate of speed and in such a negligent and wantonly reckless manner that it crashed into the station wagon with such force and impact that it was propelled across the road and crashed into a stationary object there; and that as a result of defendant's negligence plaintiff was seriously injured.

After summons was served on the Secretary of State, plaintiff's attorney mailed notice of the service and a copy of the declaration by registered mail to Edward T. Tague, Farmington, Maine. Tague, however, had died in Farmington on June 18, 1952. The registered letter was delivered on April 10, 1953, to Tague's widow, and plaintiff's attorney received a return receipt postal card signed "Mrs. Edward Tague," acknowledging that she had received the registered mail.

On June 5, 1953, Mrs. Tague, appearing specially, moved to quash the service of summons on defendant, because of the fact that defendant was not alive at the time of the filing of the suit. On November 13 Judge Manley, sustaining her motion, quashed the service of summons. On December 12 plaintiff appealed.

On December 21 plaintiff filed a motion to substitute Rachael M. Tague, executrix, as the defendant in the case in place of Tague. On February 23, 1954, Judge Byrnes passed an order directing that the executrix be substituted as the defendant. The declaration was amended accordingly, and plaintiff thereupon served the summons on the Secretary of State and mailed a notice of the service and a copy of the declaration to Mrs. Tague at Farmington, Maine. On March 26 Mrs. Tague again appeared specially and filed a motion to strike out Judge Byrnes' order and to quash the service of process. The Court has not ruled on that motion.

Mrs. Tague moved to dismiss the appeal from Judge Manley's order on the ground that it was not a final judgment. The Maryland Code provides that any party may appeal to the Court of Appeals from any judgment or determination of any court of law in any civil suit

or action or in any prosecution for the recovery of any penalty or fine or damages. Code 1951, art. 5, sec. 2. The Court of Appeals has interpreted the words "judgment or determination" in this statute to mean final judgment or determination. *State v. Harman,* 199 Md. 209, 212, 86 A. 2d 397. This Court has also specifically held that an appeal may be taken from an order quashing the sheriff's return of a summons for the defendant where the order is a final determination of the case.

In *Long v. Hawken,* 114 Md. 234, 239, 240, 79 A. 190, the defendant filed a motion to quash the return of the summons against him on the ground that he was a non-resident of Maryland and was in this State for the sole purpose of attending the trial of another case and testifying as a witness. The plaintiff denied that the defendant was attending the trial to testify as a witness. The trial judge, however, quashed the return of summons, and the plaintiff appealed. The Court of Appeals overruled the motion to dismiss the appeal. In commenting on that action, Judge Briscoe, speaking for the Court, said: "As to the motion to dismiss the appeal we need only say, that the appeal is from the order and determination of the Court, in granting the defendant's motion to quash the summons and the return of the sheriff thereon, and in such cases the appeal brings up the record for review by this Court."

In *State of Maryland, to use of Bickel v. Pennsylvania Steel Co.,* 123 Md. 212 ,216, 91 A. 136, where the equitable plaintiffs entered suit against the steel company, a foreign corporation, to recover damages for the death of their husband and father, the summons was served on R. C. Hoffman & Company as general agent of the corporation. The trial judge quashed the return on the ground that the corporation was not doing business in the State of Maryland and that R. C. Hoffman & Company was not the corporation's general agent. Judge Pattison, speaking for the Court, said in that case: "But if it be held under the motion in this case that the defendant company is not doing business in this State and that R. C. Hoffman

& Company is not the agent of the defendant company as aforesaid, then not only will no action lie against the defendant in this State, but there is no one, as disclosed by the record, upon whom process may be served, binding upon the defendant corporation, in the jurisdiction in which this suit is instituted, and, therefore, the order sustaining the motion to quash the return is so far final as to prevent the further prosecution of the suit, and thus an appeal will lie from said order to this Court."

In *Sharpless Separator Co. v. Brilhart,* 129 Md. 82, 88, 98 A. 484, an attachment was issued on a judgment, and the sheriff served the summons on a director of the appellant corporation. The trial judge granted a motion to quash the return. On the appeal from that order, Chief Judge Boyd, after citing authorities, reached the following decision: "We have referred to these cases to show that this Court has consistently entertained appeals from orders quashing writs of summons and the returns thereon, when the result of the rulings of the lower Court was to put the parties out of Court. When the result is to release a fund garnished by an attachment on a judgment, as in this case, there would seem to be an equally good reason for allowing an appeal."

The rule that an order quashing service of summons on a non-resident for lack of jurisdiction is an appealable final determination has also been adopted in other States. The rule applies, of course, in a case where summons is served under the Motor Vehicle Act as well as in a case where summons is served by the sheriff on a resident of this State.

The rule was accepted by the Supreme Court of Illinois in *Brauer Machine & Supply Co. v. Parkhill Truck Co.,* 383 Ill. 569, 50 N. E. 2d 836. That was a suit against a foreign corporation to recover the workmen's compensation paid to the plaintiff's employee for injuries caused by the negligence of the defendant's employee while unloading steel from the defendant's truck. An attack was made upon the service of the process made

under the Motor Vehicle Act of Illinois. It was shown that the injuries did not grow out of the operation of the truck on any highway of the State. It was accordingly held on appeal that the order quashing the service of summons made on the Secretary of State of Illinois was a final appealable order.

In the instant case it appeared that the defendant had died prior to the institution of the suit. But the question whether Judge Manley's order quashing the service of summons is a final determination of the plaintiff's cause of action depends upon whether the suit could proceed, by means of an amendment of the declaration, against the defendant's executrix. Judge Byrnes' order was passed after the appeal was taken and therefore is not technically before us on this appeal. However, we find it necessary to determine whether in an action for damages against a non-resident motorist, who had died before the action was filed, the plaintiff has the right to substitute the personal representative of the deceased as the party defendant in the place of the deceased.

It is important to bear in mind the basic principle that in any action to establish a personal liability the court cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice upon him or upon someone authorized to accept service in his behalf, or by his waiver of the lack of due service by his general appearance in the action or by otherwise submitting to the jurisdiction of the court. Thus, in 1928 the United States Supreme Court, speaking through Chief Justice Taft in *Wuchter v. Pizzutti*, 276 U. S. 13, 48 S. Ct. 259, 260, 261, 72 L. Ed. 446, 57 A. L. R. 1230, asserted that a statute authorizing service of summons on non-residents of the State should require that the plaintiff or some officer of the State should mail notice of the suit to the defendant, or inform him by some written communication, to make it reasonably probable that he will receive actual notice of the action brought against him. In that decision the Chief Justice remarked:

"Otherwise, where the service of summons is limited to a service of the secretary of state or some officer of the state, without more, it will be entirely possible for a person injured to sue any non-resident he chooses, and through service upon the state official obtain a default judgment against a non-resident who has never been in the state, who had nothing to do with the accident, or whose automobile having been in the state has never injured anybody. A provision of law for service that leaves open such a clear opportunity for the commission of fraud * * * or injustice is not a reasonable provision, and in the case supposed would certainly be depriving a defendant of his property without due process of law."

The Maryland statute was originally passed in 1929. That statute provided that notice of service on the Secretary of State and a copy of the process shall be sent by registered mail to the defendant at his address as specified in the process; and further provided that "such address shall be conclusively presumed to be correct if it be an address given by the defendant in any proceeding before any court, magistrate or justice of the peace, or any police officer or deputy or any other person, at or subsequent to the collision or accident aforesaid, or if it be the latest address appearing upon the records of the Commissioner of Motor Vehicles or other officer charged with the administration of the motor vehicle laws of the State in which any motor vehicle is registered in the name of such defendant." Laws 1929, ch. 254.

In 1930 this Court in *Grote v. Rogers,* 158 Md. 685, 149 A. 547, held that the Act of 1929 was unconstitutional for the reason that it made the notice to the defendant sufficient if it was sent by registered mail to an address which the defendant himself gave or which appeared on the records of the Commissioner of Motor Vehicles, thus not allowing for the possibility that a subsequent

change of domicile might have rendered that address obsolete.

In 1931 the Legislature amended the statute to overcome the charge of unconstitutionality. Laws 1931, ch. 70. The present statute demands that notice of the service on the Secretary of State and a copy of the declaration, cause of action or titling shall be sent by registered mail "to the defendant." Moreover, the return receipt signed by the defendant furnishes the evidence that the defendant was notified of the action. In addition, the statute contains the provision that in the event the return receipt is not returned signed by the defendant, "then notice of such service and a copy of the declaration, cause of action or titling, shall be served upon the defendant by any person authorized to serve process under the law of the jurisdiction in which the defendant may be found."

It was argued by plaintiff (1) that if Tague had been alive when the suit was filed, he would have been properly summoned; (2) that Mrs. Tague's signature on the return receipt card was a representation that she had the authority to accept mail addressed to her deceased husband; and (3) that she relied on that representation to her prejudice, because she could have instituted a new suit within three years after the date of the accident, and Mrs. Tague was estopped from asserting that the summons was invalid.

Plaintiff relied heavily on *Employers' Liability Assurance Corporation v. Perkins*, 169 Md. 269, 181 A. 436, where the registered letter containing the notice of the service of process on the Secretary of State and the copy of the declaration were delivered to the defendant's wife, and she signed the defendant's name on the return receipt card. The Court there held that the statutory requirements were satisfied when the registered letter was delivered to the defendant's wife, and she signed the return receipt card, and the card was filed with the clerk of the court. But in that case it was shown that

the defendant had received the registered mail and did not repudiate his wife's act.

Plaintiff called particular attention to the following provision in the statute, Code 1951, art. 66½, sec. 113(f):

"The provisions shall apply in any action or proceeding against the personal representative, executor, administrator, committee or otherwise, of a non-resident when such action or proceeding arises out of any accident or collision in which said non-resident may have been involved."

We cannot construe this provision to mean that a plaintiff, who has filed an action against a dead man, may substitute his personal representative as the party defendant in his place. Such an interpretation would be in direct conflict with our Practice Act, Code 1951, art. 75, sec. 45, which provides as follows:

"In amendments for non-joinder or misjoinder entire new parties, either plaintiffs or defendants, can not be introduced, but some one of the original plaintiffs and some one of the original defendants must remain parties to the action; and in no case of amendment can entire new parties, either plaintiffs or defendants, be made."

It is thus the general rule that where a suit has been instituted against a person who is not a proper party defendant, the declaration cannot be amended so as to substitute another sole defendant. In the absence of statutory authority, it is improper to make an amendment by which a party becomes a sole defendant in a new and distinct capacity from that in which he appeared as defendant prior to the amendment. *Wright v. Gilbert*, 51 Md. 146, 154; *Atkinson v. Philadelphia, Baltimore & Washington R. Co.*, 137 Md. 632, 113 A. 110.

Our Practice Act provides that no personal action in any court of law in this State shall abate "by the death of either or any of the parties to such action; but upon the death of any defendant, the action shall be continued

and the heir, administrator or executor of the defendant, or other person interested on the part of the defendant, may appear to such action." Code 1951, art. 75, sec. 29. But the instant case is entirely different from a suit brought against a living person who dies after the institution of the suit. In accord with the decisions in other jurisdictions, we hold that in an action for damages sustained in an automobile collision on a highway in this State, service on a non-resident defendant, by leaving the summons with the Secretary of State, is invalid if the defendant died before the institution of the suit. *Boyd v. Lemmerman,* 168 A. 47, 11 N. J. Misc. 701; *Lepre v. Real Estate-Land Title Trust Co.,* 168 A. 858, 11 N. J. Misc. 887.

In this case Judge Manley quashed the service of summons more than three years after the date of the accident. The order was a final adjudication that plaintiff could not further prosecute her case. While this issue was separate and distinct from the general issue in the case, it was none the less decisive. The effect of the order was that plaintiff was denied the right to substitute Tague's executrix as the party defendant in place of Tague. In addition, a new suit would be barred by the Statute of Limitations. The order was as conclusive as any order that could be entered. While we will overrule Mrs. Tague's motion to dismiss the appeal, we will affirm the order appealed from.

*Order affirmed, with costs.*